IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | | |
|---|---|---|
| PJC LOGISTICS, LLC, | : | |
| Plaintiff | : | Civil Case No. 1:11-cv-01983 |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| A&R LOGISTICS, INC., *ET AL.* | : | |
| Defendants. | : | |

**PLAINTIFF PJC LOGISTICS, LLC'S REPLY TO COUNTERCLAIMS OF DEFENDANT CENTRAL TRANSPORT NORTH AMERICA, INC.**

Plaintiff PJC Logistics, LLC ("PJC") hereby answers the Counterclaims filed by Defendant Central Transport North America, Incorporated ("Central Transport"). PJC hereby responds to the numbered paragraphs of the Counterclaim, and in doing so denies the allegations of the Counterclaim as specifically stated:

1. Counterclaimant Central Transport is a corporation organized and existing under the laws of the State of Michigan.

    **ANSWER**: PJC admits that Central Transport is a corporation organized and existing under the laws of the State of Michigan.

2. Based on PJC Logistics' assertion in its Complaint, Central Transport alleges, on information and belief, that PJC Logistics is a limited liability corporation organized under the laws of Texas with a principal place of business in Hewitt, Texas.

    **ANSWER**: PJC admits that it is a limited liability corporation organized under the laws of Texas with a principal place of business in Hewitt, Texas.

### JURISDICTION AND VENUE

3. These counterclaims arise under the Patent Laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory

Judgment Act. The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**ANSWER**: PJC acknowledges that Central Transport purports to bring an action under the Title 35 of the United States Code and under the Declaratory Judgment provisions of 28 U.S.C. §§ 2201 and 2202. PJC admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

    **ANSWER**: PJC admits that venue is proper in this District for purposes of this action only.

**COUNT I – DECLARATION OF NON-INFRINGEMENT**

5. Central Transport repeats and re-alleges the allegations of the preceding paragraphs 1-4 as if set forth herein.

    **ANSWER**: PJC incorporates by reference its responses to paragraphs 1 through 4.

6. Based on PJC Logistics' filing of this action and Central Transport's Affirmative Defenses, an actual controversy has arisen and now exists between PJC Logistics and Central Transport as to whether Central Transport has infringed or is infringing one or more claims of U.S. Patent No. 5,223,844 ("the '844 patent").

    **ANSWER:** PJC admits that there is an actual controversy between PJC and Central Transport as to whether Central Transport has infringed or is infringing one or more claims of the '844 patent.

7. Central Transport is not infringing and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable asserted claims of the '844 patent.

    **ANSWER**: Denied.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et. Seq.*, Central Transport requests a declaration of the Court that Central Transport does not infringe and has not infringed any valid and enforceable claim of the '844 patent.

    **ANSWER**: PJC admits that this is a civil action for a declaratory judgment pursuant to 28 U.S.C. § 2201 but PJC otherwise denies the allegations in Paragraph 8.

**COUNT II – DECLARATION OF PATENT INVALIDITY**

9. Central Transport repeats and re-alleges the allegations of the preceding paragraphs 1-8 as if set forth fully verbatim herein.

   **ANSWER**: PJC incorporates by reference its responses to paragraphs 1 through 8.

10. Based on PJC Logistics' filing of this action and Central Transport's affirmative defenses, an actual controversy has arisen and now exists between PJC Logistics and Central Transport as to the validity of the claims of the '844 patent.

    **ANSWER**: PJC admits that there is an actual controversy with respect to validity of the '844 patent, but PJC otherwise denies the allegations in Paragraph 10.

11. The claims of the '844 patent are invalid under one or more sections of Title 35 of the U.S. Code including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

    **ANSWER**: Denied.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et. Seq.*, Central Transport requests a declaration of the Court that the '844 patent is invalid.

    **ANSWER:** PJC admits that this is a civil action for a declaratory judgment pursuant to 28 U.S.C. § 2201 but PJC otherwise denies the allegations in Paragraph 12.

**JURY DEMAND**

13. Central Transport demands a trial by jury.

    **ANSWER:** PJC recognizes Central Transport's request for a trial by jury and has likewise requested a trial by jury on all issues.

**EXCEPTIONAL CASE**

14. To the extent that this is an exceptional case under 35 U.S.C. § 285, Central Transport is entitled to recover, from PJC Logistics, Central Transport's attorney fees and costs incurred in connection with this action, and hereby requests such fees and costs.

    **ANSWER**: PJC denies that the Central Transport is entitled to recover attorney fees and costs.

**PRAYER FOR RELIEF**

In addition to the relief requested in its Complaint, Plaintiff PJC respectfully requests a judgment against defendant as follows:

A. That defendant takes nothing by its Counterclaims;

B. That the Court award PJC costs and attorneys' fees incurred in defending against

these Counterclaims; and

C. Any and all further relief for PJC as the Court may deem just and proper.

Respectfully submitted,

Dated: August 24, 2011

*/s/ Steven R. Daniels*
Steven R. Daniels
(Admitted *Pro Hac Vice*)
Texas State Bar No. 24025318
Farney Daniels LLP
800 S. Austin Ave., Suite 200
Georgetown, TX 78626
Telephone: (512) 582-2828
Fax: (512) 582-2829
E-mail: sdaniels@farneydaniels.com

Patrick G. Burns
Jeana R. Lervick
GREER, BURNS & CRAIN, LTD.
300 S. Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tel: (312) 360-0080
Fax: (312) 360-9315

*Attorneys for Plaintiff PJC Logistics LLC*

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Plaintiff PJC Logistics, LLC's Reply to Counterclaims of Defendant Central Transport North America, Inc. was served upon the counsel of record by electronically filing the document with the Clerk of the Court through the Electronic Filing System in accordance with LR 5.2 on the 24th day of August, 2011.

By: */s/ Steven R. Daniels*